Avelino GOMEZ–FERNANDEZ,
Appellant,

v.

IMMIGRATION AND NATURALIZA-
TION SERVICE, Appellee.

No. 20057.

United States Court of Appeals
Fifth Circuit.

April 29, 1963.

Peter A. Chaconas, Washington, D. C., for appellant.

L. Howard McCurdy, Jr., Asst. U. S. Atty., New Orleans, La., for appellee.

Before JONES, BROWN and LEWIS*, Circuit Judges.

PER CURIAM.

Appellant is a native and citizen of Cuba having last entered the United States on November 1, 1961, as a non-immigrant visitor authorized to remain in this country until January 31, 1962. He was later granted indefinite voluntary departure status. On February 21, 1962, appellant was notified that the grant of indefinite voluntary departure was cancelled and he was given until June 8, 1962, to depart. After his failure to leave by such date an order to show cause was issued to determine the appropriateness of an order of deportation.

At his hearing before the Special Inquiry Officer on June 26, 1962, the appellant moved for a termination of the proceeding on the ground that the appellant had not violated his indefinite voluntary departure status, alleging that it was improperly withdrawn. This motion was denied and the appellant was found to be deportable. An appeal was taken to the Board of Immigration Appeals alleging error in the denial of the motion for termination of the proceedings. The appeal was dismissed by the Board of Immigration Appeals on August 28, 1962. This appeal followed.

Appellant first asserts that he has been denied due process because of the summary revocation of his grant of indefinite voluntary departure and claims the right to a hearing on such matter. There is no merit to the contention. The granting and withdrawing of indefinite privileges of visitation within this country are matters of grace. The applicable procedural regulation (8 C.F.R. 242.5) is not a self-imposed limitation upon sovereign power but a designation of authorized officers to administer this aspect of the Immigration and Nationality Act.

Appellant further complains of the following words contained in the decision of the Board of Immigration Appeals:

"Under the circumstances the respondent should have no difficulty in securing a visa for his return to the United States as a permanent resident alien."

The quoted statement is patently but a gratuitous expression of opinion and as such is simple surplusage to the decision.

Affirmed.

* Of the Tenth Circuit, sitting by designation.