## MATTER OF BISULCA

### In VISA PETITION Proceedings

### A-13187621

*Decided by Regional Commissioner July 23, 1963*

Petition to accord nonquota status as a minister of a religious denomination, pursuant to section 101(a) (27) (F), Immigration and Nationality Act, is denied since there is no evidence that beneficiary, who has been a voluntary worker as an evangelist, has ever carried on the vocation of minister; furthermore, it has not been established he is seeking to enter solely to carry on the vocation of minister since he would receive no salary for his church work and would be required to earn his living by obtaining other employment; neither has it been established that his services are needed as assistant pastor since the church has only 40 members and the present pastor is employed 3 days each week in a different vocation.

The District Director has denied the petition for the following reasons:

You have failed to establish that the beneficiary has been continuously, for at least two years immediately preceding the time of this application, carrying on the vocation of minister of a religious denomination. Documentary evidence submitted in support of this application merely establishes that beneficiary has been a "Deacon". You have also failed to establish that beneficiary was ever ordained as a minister.

The matter is now before us on appeal.

The beneficiary is a 46-year-old native of Italy who resides in Argentina. The only evidence submitted with the petition concerning the beneficiary's qualifications is a statement dated November 25, 1962 from the Christian Cultural Assembly (Christian Assembly) in Buenos Aires, Argentina, which states that he worked in the Fellowship of Christ for approximately eight years. The document refers to the beneficiary as Deacon.

On appeal an additional document was submitted from the same organization which states the beneficiary is an Evangelical Minister at Buenos Aires and has been a minister since 1958.

The petitioner, the Reverend Joseph Carro, is the pastor of the Christian Church of West Islip, New York. The petitioner was in-

terviewed by an officer of this Service on June 26, 1963 and furnished the following information.

The Church has 40 members and as pastor he receives no salary. In addition to his duties as pastor the petitioner also works three days a week at a market. If the petition is approved the beneficiary would serve as assistant pastor. He would serve the Church at Sunday services and two evening services weekly. The beneficiary's brother who is a member of the congregation has arranged for his employment in a gasoline station and the beneficiary would receive no salary for his Church work.

The Christian Cultural Assembly in Argentina does not issue ordination certificates to its ministers, but issues only a Certificate of Ministry. The petitioner also advised that to his knowledge the beneficiary has been a voluntary worker as an Evangelist in Buenos Aires and has not acted as a minister of a Church performing full ministerial duties.

Section 101(a)(27)(F) of the Immigration and Nationality Act provides that, in order to be eligible for nonquota classification as a minister, it must be established that the beneficiary is "an immigrant who continuously for at least two years immediately preceding the time of his application for admission to the United States has been, and who seeks to enter the United States solely for the purpose of carrying on the vocation of minister of a religious denomination, and whose services are needed by such religious denomination having a bona fide organization in the United States; . . ."

Section 42.25(c), Title 22, Code of Federal Regulations, provides as follows:

The term "minister" as used in section 101(a)(27)(F) of the Act, means a person duly authorized by a recognized religious denomination having a bona fide organization in the United States to conduct religious worship, and to perform other duties usually performed by a regularly ordained pastor or clergyman of such denomination. The term shall not include a lay preacher not authorized to perform the duties usually performed by a regularly ordained pastor or clergyman of the denomination of which he is a member, and shall not include a nun, lay brother or cantor.

We have carefully examined the entire record in this case. Although the beneficiary has been issued a Certificate of Ministry, he was apparently able to acquire this document without completing any prescribed course of training or acquiring any formal theological education. Moreover, there is no evidence that the beneficiary has ever carried on the vocation of a minister of a religious denomination. We therefore find that it has not been satisfactorily established that the beneficiary is a minister within the meaning of section 101(a)(27)(F) of the Immigration and Nationality Act and 22 CFR 42.25(c).

Additionally, the statute requires that the beneficiary be seeking to enter solely for the purpose of carrying on his vocation of minister of a religious denomination and that his services be needed. In this case the beneficiary would receive no salary for his work with the

Church and would be required to earn his living by obtaining other employment. Also, the Church which has only 40 members and whose present pastor is employed three days each week in a different vocation has not satisfactorily established its need for an assistant minister.

In view of the foregoing we find that the petition cannot be approved. The appeal will be dismissed.

*It is ordered* that the appeal be and the same is hereby dismissed.