MATTER OF ARAO

In Deportation Proceedings

A-14441808

*Decided by Board February 20, 1969*

(1) A finding as to whether an alien's overstay is justified is not germane to a determination of deportability under section 241(a)(2) of the Immigration and Nationality Act.

(2) Where an alien has been granted voluntary departure with a provision for the automatic entry of an order of deportation upon failure to depart within the authorized period, due process does not require reopening of the deportation hearing to afford the alien an opportunity to request additional time within which to depart voluntarily, or to show why she failed to depart, or that failure to depart is justified.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant (exchange visitor)—remained longer.

ON BEHALF OF RESPONDENT: Richard W. Lowery, Esquire
Shapiro and Small
77 W. Washington Street
Chicago, Illinois 60602
(Brief filed)

The respondent, a native and citizen of the Republic of the Philippines, appeals from an order entered by the special inquiry officer on October 30, 1968, granting her voluntary departure in lieu of deportation as an alien who after admission as an exchange visitor has remained in the United States longer than permitted. The order further provides that in the event the respondent failed to depart on or before November 30, 1968, or any extension beyond such date, the privilege of voluntary departure would be withdrawn without further notice or proceedings and she would be deported to the Philippines. Counsel on appeal maintains, among other things, that the order entered by the special inquiry officer directing the respondent's deportation without further hearing in the event she failed to depart on or before November 30, 1968, violates the due process and equal protection

156

clauses of the Constitution, and for this reason the proceeding should be terminated.

The respondent, a female alien, was admitted to the United States at the port of Honolulu, Hawaii, on or about June 19, 1965, as an exchange visitor for further training as a nurse pursuant to the Mutual Educational and Cultural Exchange Act of 1961. She was authorized to remain in the United States until March 21, 1968. She has remained in the United States beyond March 21, 1968 and counsel concedes that she is deportable as charged in the order to show cause.

Counsel during the hearing of October 30, 1968 requested the privilege of voluntary departure for the respondent and offered to explain why she became subject to the charge of having remained beyond the period for which she was admitted (p. 2). Counsel stated for the record that the respondent's employer had filed a third preference petition for her which was approved; that she then applied to the Department of Health, Education and Welfare for a recommended waiver of the two-year foreign residence requirement pursuant to section 212(e) of the Act: that her application and all motions to reconsider were denied and that while these motions were being considered the authorized period for which she was admitted expired (p. 3).

The special inquiry officer advised counsel that he would be permitted to question the respondent regarding her eligibility for voluntary departure (p. 3). Counsel replied that since the special inquiry officer was "more familiar with the necessary questions" he preferred that the special inquiry officer question the respondent as to her eligiblity. The special inquiry officer upon completion of his interrogation of the respondent concerning her eligibility for voluntary departure asked counsel whether he wished to question the respondent further or present additional evidence for the record. Counsel declined the opportunity to present additional evidence (p. 5). The special inquiry officer then entered the order granting the respondent the privilege of voluntary departure without expense to the Government, on or before November 30, 1968, or any extension beyond this date that may be granted for the District Director, with a further provision for deportation to the Philippines if the respondent failed to depart when and as required (p. 5). Counsel reserved the right to appeal this order (p. 6).

Counsel on appeal contends that the special inquiry officer violated due process in concluding that deportability is established by the respondent's admission that she remained in the United

States beyond the period for which she was admitted without inquiry as to why she overstayed. Counsel maintains that the special inquiry officer should have afforded the respondent an opportunity to present evidence as to whether her overstay was justified by "unusual circumstances" and then make a ruling upon this issue. Counsel in this connection relies upon 22 CFR 63.5(b)[1] which provides a two-year guideline for the authorized stay of exchange visitors who are graduate nurses and also authorizes an exception when there are "unusual circumstances."

The respondent's admission of the facts alleged in the order to show cause and her concession that she is deportable establish deportability by clear, unequivocal and convincing evidence. A finding of deportability under these circumstances is sanctioned by 8 CFR 242.16(b). There is no substance to counsel's claim that respondent was denied an opportunity to establish why she overstayed. Counsel was in fact afforded such an opportunity and made a full presentation of the facts but later declined to present further evidence on this issue.

The respondent was not prejudiced by the special inquiry officer's failure to rule as to whether her overstay was justified. A finding of whether an overstay is "justified" is not germane to an alien's deportability under section 241(a)(2) of the Act. Such a finding would be inconsistent with and unsupported by the evidence. It has been conclusively established in this case that the respondent has remained longer than permitted without legal justification.

Moreover, the respondent was not prejudiced in any way by the special inquiry officer's failure to state that her overstay was justified. The special inquiry officer did not hold the respondent's overstay against her. He complied with counsel's request and granted voluntary departure, the maximum relief for which she is eligible. The "unusual circumstances" provision of 22 CFR 63.5(b) (*supra* [1]) has no application to a deportation proceeding. It merely implements the basic purpose of the exchange visitor program set forth in the Mutual Educational and Cultural Ex-

---

[1] Title 22 CFR 63.5(b):

To insure that exchange visitors remain in the United States only so long as is necessary to satisfy their objectives and the intent of the Act, the following general limitations on the period of stay of exchange visitors are hereby established. Exceptions to these limitations will be permitted only in unusual circumstances:

(1) Participants:
  (i) Graduate nurses-two years.

217, 219, fn.1 (1963); *Gomez-Fernandez* v. *INS*, 316 F.2d 732, 733 (5 Cir. 1963), cert. denied 375 U.S. 942, 11 L.ed. 2d 273.

The respondent has an opportunity to avoid the entry of an order of deportation by departing within the time limit set by the order which will be entered in this case. Furthermore, there is no showing in this record that the respondent made any attempt to avoid the automatic entry of an order of deportation prior to her appeal by applying for an extension under 8 CFR 244.2. She has been accorded a fair hearing pursuant to section 242(b) of the Immigration and Nationality Act and has been granted the maximum relief available under the circumstances of her case. We find no violation of the due process and equal protection of the law clauses of the Constitution in the decision and order entered by the special inquiry officer on October 30, 1968. The appeal will be dismissed and our order will provide for the respondent's voluntary departure within 30 days from the date of our decision.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.

*It is further ordered* that, pursuant to the special inquiry officer's order, the respondent be permitted to depart from the United States voluntarily within 30 days from the date of this decision or any extension beyond that time as may be granted by the District Director; and that, in the event of failure so to depart, the respondent shall be deported as provided in the special inquiry officer's order.