## MATTER OF TEBEREN

In Deportation Proceedings

A-17442007

_Decided by, Board June 16, 1976_

In order to establish an alien's deportability as an overstay, the Service need only show that the alien was admitted as a nonimmigrant for a temporary period; that the period has elapsed; and that the alien has not departed. Since an alien becomes deportable as an overstay at the time the authorized period of his admission expires unless he receives a grant of extension from a district director, a formal denial of an application for extension of stay by a district director is not required to establish an alien's deportability as an overstay.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant student—remained longer

ON BEHALF OF RESPONDENT: Richard D. Steel, Esquire
Wasserman, Orlow, Kaye & Rubin
636 Public Ledger Building
Sixth and Chestnut Streets
Philadelphia, PA 19106

In a decision dated November 13, 1975, the immigration judge found the respondent deportable under section 241(a)(2) of the Immigration and Nationality Act, but granted him the privilege of voluntary departure in lieu of deportation. The respondent has appealed from the finding of deportability. The appeal will be dismissed.

The respondent is a native and citizen of Nigeria who was admitted to the United States as a nonimmigrant student in September of 1967. His stay as a student was ultimately extended until June 1, 1975. He did not obtain an extension beyond that date, and the immigration judge therefore found him deportable as a nonimmigrant who had remained beyond the authorized length of his stay.

The respondent admitted the truth of the factual allegations contained in the order to show cause. He denies deportability, however, contending that the district director never adjudicated a timely filed application for an extension of stay.

The record indicates that the respondent completed his under-

graduate college education in the fall of 1974, presumably receiving a degree in either December 1974 or January 1975. He thereafter sought to attend graduate school at North Carolina State University. The university apparently prepared a Certificate of Eligibility for nonimmigrant student status (Form I–20A), which was received by the district director's office on January 2, 1975, and which indicated that the respondent had been accepted to the graduate school of the university for a full course of study to commence in January of 1975.

The Service evidently returned the Form I–20A to the university because certain data was lacking. The respondent testified that a new and complete set of documents was submitted by mail to the Service in February of 1975, approximately three and one half months *prior* to the expiration of the respondent's stay. At the hearing, the Service's trial attorney stated that the Service had no record of such an application having been filed. For present purposes, we shall assume that the respondent mailed the required application to the Service, and that the application was lost prior to its adjudication.

Counsel recognizes that the propriety of a district director's decision on an application for an extension of stay cannot be considered in deportation proceedings. See *Matter of Hossinpour*, 15 I. & N. Dec. 191 (BIA 1975), aff'd, 520 F.2d 941 (C.A. 5, 1975) (table); *Matter of Sourbis*, 11 I. & N. Dec. 335 (BIA 1965). Counsel, however, does not seek approval of an extension of stay from the immigration judge. Counsel merely argues that the respondent should not be found deportable as an "overstay" absent a ruling by the district director on a timely filed application for an extension of stay.

A nonimmigrant alien has the obligation either to depart at the expiration of his authorized period of stay, or to obtain a proper extension of that stay. Counsel, in essence, argues that the respondent's overstay was justified under the circumstances. As a general rule, however, an inquiry into whether or not an overstay was justified is not germane to the question of an alien's deportability under section 241-(a)(2). *Matter of Arao*, 13 I. & N. Dec. 156 (BIA 1969); see *Matter of Halabi*, 15 I. & N. Dec. 105 (BIA 1974). See also *Matter of C—C—*, 3 I. & N. Dec. 221 (BIA 1948).

In order to establish an alien's deportability as an "overstay," the Service need only show that the alien was admitted as a nonimmigrant ". . . for a temporary period, that the period has elapsed, and that the nonimmigrant has not departed." *Milande* v. *INS*, 484 F.2d 774, 776 (C.A. 7, 1973). The Service has made such a showing in this case.

We reject counsel's contention that the respondent cannot be an "overstay" until he receives a formal denial of an extension from the district director. Rather, we hold that a nonimmigrant becomes deportable as an "overstay" when the period of his admission expires, *unless*

he receives a grant of an extension of his stay. The respondent is deportable as charged.

Finally, we note that the district director evidently offered to consider reinstatement of the respondent's student status (see Tr. pp. 17–18). We have not been informed of any developments with respect to that offer. However, there is an indication in the record that North Carolina State University ultimately decided not to accept the respondent as a student because he did not satisfy the school's admission requirements (see Tr. pp. 8, 15).

The decision of the immigration judge was correct.

ORDER: The appeal is dismissed.

*Further order:.* Pursuant to the immigration judge's order, the respondent is permitted to depart from the United States voluntarily within 31 days from the date of this order or any extension beyond that time as may be granted by the district director; and in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.