# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 11-60258
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 27, 2011

Lyle W. Cayce
Clerk

FRANCISCO JOSE ROSALES FIGUEROA,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078 010 292

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Francisco Jose Rosales-Figueroa, a native and citizen of Guatemala, petitions this court to review the decision of the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ) order of removal and determination that Rosales-Figueroa was ineligible for cancellation of removal under 8 U.S.C. § 1229b(a) because he failed to demonstrate that he resided in the United States continuously for seven years after admission under any status. We generally lack jurisdiction to review Rosales-Figueroa's final order of removal. 8 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60258

§ 1227(a)(2)(B)(I); *see Balogun v. Ashcroft*, 270 F.3d 274, 277-78 (5th Cir. 2001). However, because the determination whether Rosales-Figueroa is ineligible for cancellation of removal because he failed to satisfy the residency requirement is a question of law, we have jurisdiction to review his petition. *See* 8 U.S.C. § 1252(a)(2)(C). The BIA's legal determinations are reviewed de novo, and its factual findings are reviewed for substantial evidence. *See Girma v. INS*, 283 F.3d 664, 666 (5th Cir. 2002).

An alien who has been granted legal permanent residence may seek the relief of cancellation of removal if he has been a lawful permanent resident for at least five years, has resided in the United States continuously for seven years after having been admitted under any status, and has not been convicted of an aggravated felony. § 1229b(a). Here, the only issue is at what point Rosales-Figueroa resided in the United States for a continuous period of seven years after being admitted in any status. Rosales-Figueroa disputes that he was not admitted until his status was adjusted in 2003 to legal permanent resident, and asserts that he instead was conferred admission status in 2002, when he was granted employment authorization pending the approval of adjustment of status. He acknowledges that his conviction in 2009 for possession of methamphetamine ended his continuous residence.

Although Rosales-Figueroa argues that he was admitted in any status when he was granted employment authorization, he has proffered no evidence showing that he received such authorization or indicating the date on which that authorization was granted. Nevertheless, even if Rosales-Figueroa received employment authorization in 2002, he has not shown that such authorization enables him to satisfy the residency requirement. He has provided no statutory, regulatory, or precedential support for his argument that a grant of employment authorization should be treated as an admission and has set forth no basis upon which we should conclude that "admission in any status" includes employment authorization.

To the contrary, our case law suggests that employment authorization likely does not confer admission status. We have narrowly construed "admitted in any status" and generally have not expanded the definition beyond events that directly confer or alter an alien's immigration status. *See, e.g., Deus v. Holder*, 591 F.3d 807, 810-11 (5th Cir. 2009) (rejecting that, for purposes of the residency requirement, a parent's years of lawful permanent residence may be imputed to a minor child). Moreover, we have held in analogous contexts that the receipt of employment authorization does not confer legal immigration status. *See United States v. Lucio*, 428 F.3d 519, 522-26 (5th Cir. 2005) (holding that alien who received employment authorization and was permitted to remain in the country during pendency of his application to adjust his immigration status could be charged with being in the country illegally and unlawfully for purposes of 18 U.S.C. § 922(g)(5)(A)); *United States v. Flores*, 404 F.3d 320, 326-27 (5th Cir. 2005) (concluding that alien who applied for Temporary Protective Status under 8 U.S.C. § 1254(a) could be deemed to be illegally or unlawfully in the United States even though he could not be deported and had received employment authorization); *see also Bokhari v. Holder*, 622 F.3d 357, 359-61 (5th Cir. 2010) (concluding that employment authorization provided pursuant to 8 C.F.R. § 274a.12(b)(2) does not confer lawful immigration status).

The applicable regulations further support that a grant of employment authorization does not confer admission status. Rosales-Figueroa appears to allege that he received employment authorization pending his application for adjustment of status application pursuant to 8 C.F.R. § 274a.12(c)(9). Section 274(a).12 lists the classes of aliens who are authorized to accept employment; the principal classes of aliens are (1) aliens authorized employment incident to status; (2) aliens authorized for employment with a specific employer incident to status; and (3) aliens who must apply for authorization. Unlike the other categories of aliens, aliens who must apply for authorization are not granted authorization without restriction based upon their status, i.e., aliens, like

Rosales-Figueroa, who must apply for authorization are not admitted or granted any status, and their authorization is not incidental to that status. *See* § 274a.12(a)(1)-(20), (c). Instead, the grant of employment authorization to aliens like Rosales-Figueroa is discretionary and may be terminated or revoked at any time under the criteria set forth in 8 C.F.R. § 274a.14. § 274a.14(a)-(b). Accordingly, the relevant regulations do not provide that aliens such as Rosales-Figueroa receive employment authorization because they have been admitted or granted status.

We additionally note that the only circuit court to consider the instant issue concluded that the grant of employment authorization does not constitute "admission in any status." *See Guevara v. Holder*, 649 F.3d 1086, 1090-95 (9th Cir. 2011). Although not precedential, *Guevara* represents persuasive authority. *See United States v. Sauseda*, 596 F.3d 279, 282 (5th Cir. 2010). Thus, Rosales-Figueroa has failed to establish that the BIA erred in determining that he was subject to removal and ineligible for cancellation of removal.

Rosales-Figueroa further argues that he should have been granted relief because removal would cause his father, a legal permanent resident, to suffer an exceptional and extremely unusual hardship. He also asserts that he wrongly was not granted voluntary departure. Rosales-Figueroa failed to exhaust these issues before the BIA, and we therefore lack jurisdiction to review them. *See Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009).

Rosales-Figueroa's petition for review is DENIED.