# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 21, 2013

Lyle W. Cayce
Clerk

No. 12-60542
Summary Calendar

GEORGE GAKIO MUCHANGA,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078 999 466

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Petitioner George Gakio Muchanga asks us to review the denial of his motion to reopen following the discretionary denial of his application for adjustment of status brought under 8 U.S.C. § 1255(a). Pursuant to § 1252(a)(2)(B)(i), no court has jurisdiction to review discretionary denials of relief, including decisions denying motions for adjustment of status under § 1255(a). *See Hadwani v. Gonzales*, 445 F.3d 798, 800 (5th Cir. 2006) (invoking jurisdictional bar where adjustment of status was denied as a matter of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discretion after the petitioner failed to disclose prior arrest).  Further, "where a final order of removal is shielded from judicial review by a provision of § 1252(a)(2), so, too, is [the] refusal to reopen that order." *Assaad v. Ashcroft*, 378 F.3d 471, 474 (5th Cir. 2004) (internal quotation marks and citation omitted).

Section 1252(a)'s jurisdiction-stripping provisions are not absolute. *Gutierrez-Morales v. Homan*, 461 F.3d 605, 609 (5th Cir. 2006).  We retain jurisdiction to review "constitutional claims or questions of law." § 1252(a)(2)(D); *see, e.g., Bokhari v. Holder*, 622 F.3d 357, 359  (5th Cir. 2010), (reviewing determination that petitioner's untimely application made him statutorily ineligible for adjustment of status).  Muchanga does not contend that the denial of adjustment presents a question of law.  Although he purports to raise a claim of the denial of due process, Muchanga's argument is merely a restatement of his claim that the denial of his motion to reopen was an abuse of discretion. Accordingly, we reject this "abuse of discretion claim cloaked in constitutional garb."  *Hadwani*, 445 F.3d at 801 (internal quotation marks, citation, and alteration omitted).  We also reject  Muchanga's assertion that § 1252 does not apply, as he relies on former legislation that is not applicable to his case. *See Santos v. Reno*, 228 F.3d 591, 595 (5th Cir. 2000).  We also lack jurisdiction to consider Muchanga's claim that his removal will result in extreme hardship to his United States citizen child because Muchanga failed to raise this issue in his appeal to the BIA.  *See Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009).  The petition for review is DISMISSED.