MATTER OF SIFFRE

In Deportation Proceedings

A–19016937

*Decided by Board September 20, 1973*

Deportability of an alien on a "remained longer" charge under section 241(a)(2) of the Immigration and Nationality Act cannot be sustained where the charge is brought prior to the expiration of the alien's authorized period of stay; where an alien, within the authorized period of his stay, violates one of the conditions of his admission, deportation proceedings can be properly instituted under section 241(a)(9) of the Act.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant student—remained longer.

The immigration judge, in a decision dated May 14, 1973, found the respondent deportable as charged, ordered his deportation to Nigeria, but afforded him the privilege of voluntary departure. The respondent appeals from that order. The appeal will be sustained.

The respondent is a 26-year-old married male, a native and citizen of Nigeria. He was admitted to the United States as a nonimmigrant student on or about May 31, 1972, authorized to remain until April 1, 1973.

On January 2, 1973, the District Director served a form letter upon the respondent. The letter, on Form I–210, advised the respondent that "In accordance with a decision made in your case you are required to depart from the United States on or before February 2, 1973." There was nothing on the Form I–210 to indicate that the respondent had allegedly violated the conditions of his student status.

On February 9, 1973, an Order to Show Cause was issued charging the respondent with being deportable under section 241(a)(2) of the Immigration and Nationality Act as a nonimmigrant who remained longer than permitted. The Order to Show Cause recited that the respondent's status "was revoked" on January 3, 1973, and that he had been "required" to depart by February 2, 1973, but had failed to do so.

The issue in this case is whether the respondent is deportable under section 241(a)(2), as a nonimmigrant who remained longer than permitted, for failure to depart pursuant to the District Director's "revocation" of his student status prior to the expiration of his period of authorized stay.

Section 241(a)(2) renders deportable any alien "in the United States in violation of [the Immigration and Nationality Act] or of any other law of the United States." A charge lodged under this section is proper in the case of a nonimmigrant student who has remained longer than permitted. The deportability of an alien who fails to maintain the status in which he was admitted or to comply with the conditions of that status is provided for under a different provision, section 241(a)(9). We note that the Order to Show Cause upon which the present deportation proceedings are based does not allege that the respondent was out of status.

The crucial fact in this case is that the respondent originally had been given permission to remain in the United States until April 1, 1973. Once a nonimmigrant has been admitted for a fixed period, within that period his stay is not unlawful unless by his own conduct he violates one of the conditions of his admission. If he does, then his right ro remain terminates, not by revocation on the part of the District Director, but by his own act. If the District Director had reason to believe the respondent was out of status, he could have instituted deportation proceedings under section 241(a)(9) based upon that allegation. The Service then would have had the burden of proving the charge, in a due process hearing, by clear, convincing and unequivocal evidence. The District Director's order that the respondent leave before the terminal date of his stay, in the form of a fiat or conclusion on a Form I-210, without more, does not establish deportability for violating conditions of nonimmigrant status.

In the alternative, rather than confronting the issue of whether or not an alien is out of status, the District Director has the option of foregoing any attempt to oust him before the expiration of the period originally authorized, but denying him an extension of stay thereafter. Then if the alien fails to depart, the District Director may properly initiate deportation proceedings under section 241(a)(2) based upon the alien's remaining longer than permitted.

In the present case, the basis of the Order to Show Cause is that the respondent failed to depart by February 2, 1973, not by April 1, 1973. We find, therefore, that the charge is not sustained. If the Order to Show Cause is based on an underlying notion that the respondent had failed to maintain his status, the simple fact is that it neglects to state this fact. An alien is entitled to know the correct ground upon which his deportation is being sought.

The respondent's authorized stay in the United States expired on April 1, 1973, even prior to the immigration judge's decision in this case. If his stay has not been extended in the interim, he should be given a reasonable period of time, to be fixed by the District Director, within which to depart. If he does not so depart, he may become deportable for remaining longer than permitted, and a new Order to Show Cause may then be issued.

**ORDER:** The appeal is sustained and the proceedings are terminated.