## MATTER OF HALABI

### In Deportation Proceedings

### A-19931274

### Decided by Board October 8, 1974

Respondent was initially charged with failure to comply with the conditions of his nonimmigrant status under section 241(a)(9) of the Immigration and Nationality Act. He denied deportability under the charge. After the date the order to show cause was issued, but prior to the hearing date, the respondent's authorized period of stay expired. Respondent was found deportable under section 241(a)(2) of the Act on a remained longer charge which was lodged at the hearing.

CHARGES:

Order: Act of 1952—Section 241(a)(9) [8 U.S.C. 1251(a)(9)]—Nonimmigrant—Failed to comply with conditions of nonimmigrant status.

Lodged: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant—Remained longer than permitted.

ON BEHALF OF RESPONDENT: David F. Aberson, Esquire
1801 Avenue of the Stars, #900
Los Angeles, California 90067

In a decision dated February 23, 1973, the immigration judge found the respondent deportable on the lodged charge, but granted him the privilege of departing voluntarily from the United States in lieu of deportation. The respondent has appealed from that decision. The appeal will be dismissed.

The respondent is an alien who is a native and citizen of Lebanon. He entered the United States as a nonimmigrant student and was authorized to remain until January 26, 1973. On November 29, 1972, an order to show cause was issued charging the respondent with being deportable under section 241(a)(9) of the Immigration and Nationality Act for failure to comply with the conditions of his nonimmigrant status.

A hearing was held on February 9, 1973, at which the respondent admitted the first four factual allegations of the order to show cause, denied the fifth allegation, denied deportability, and refused to answer questions regarding deportability. The trial attorney then lodged a factual allegation, number six, that the respondent had not departed from the United States. He also lodged the charge that the respondent

105

was deportable under section 241(a)(2) of the Act for having remained in the United States longer than permitted. The hearing was adjourned at the respondent's request.

At the continued hearing held on February 23, 1973, the respondent admitted the lodged factual allegation, but denied deportability on the lodged charge. We agree with the immigration judge that deportability on the lodged charge has been established by evidence that is clear, convincing, and unequivocal.

The respondent contends that he has been deprived of a hearing on, and an opportunity to defend against, the "out of status" charge. However, he has not shown how he was prejudiced by the failure of the Government to pursue that charge.

The present case is not like *Matter of Siffre*, 14 I. & N. Dec. 444 (BIA 1973). In *Siffre*, we held that deportability of an alien on a "remained longer" charge under section 241(a)(2) cannot be sustained where the charge was brought prior to the expiration of the alien's authorized period of stay. In the case before us, however, the "remained longer" charge was properly lodged *after* the expiration of the respondent's authorized period of stay. The respondent received adequate notice of, and an opportunity to defend against, the lodged charge.

The respondent asserts that he is not deportable on the "remained longer" charge because at the time his visa expired he was "under docket control" with a hearing pending on his violation of status. The respondent was not detained or held on bond pending hearing. He was free to leave the country at any time prior to the commencement of his hearing. The pendency of deportation proceedings does not entitle a nonimmigrant to an extension of his authorized stay in order to attend the scheduled hearing.

The respondent did not apply for an extension of his student stay. He claims that by charging him with being out of status the district director in effect precluded him from submitting an application for an extension. The question of whether or not a student stay should be extended is a matter within the *sole discretion* of the district director. See 8 CFR 103.1(f); 8 CFR 214.2(f)(5); 8 CFR 214.2(f)(7); *Matter of Sourbis*, 11 I. & N. Dec. 335 (BIA 1965). Neither we nor the immigration judge has any authority to consider a claim that the district director did not give the respondent a proper opportunity to apply for an extension.

Finally, the respondent contends that 22 CFR 41.122(e), a Department of State regulation, prevents the expiration of a nonimmigrant's authorized stay while deportation proceedings are pending. The short answer to this contention is that the regulation in question is not applicable to this case.

The immigration judge's decision was correct. The appeal will be dismissed.

**ORDER:** The appeal is dismissed.

*Further order:* Pursuant to the immigration judge's order, the respondent is permitted to depart from the United States voluntarily within 28 days from the date of this order or any extension beyond that time as may be granted by the district director; and in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.

**Maurice A. Roberts, Chairman, dissenting:**

I respectfully dissent. It seems to me that the respondent was denied due process by the procedures here employed.

The respondent was admitted as a nonimmigrant student until January 26, 1973. Before that period expired, an order to show cause was issued on November 29, 1972, charging him with failure to comply with the conditions of his nonimmigrant admission. Had the hearing been promptly held, the Service would have been required to prove *that* charge; a "remained longer" charge could not then be sustained, *Matter of Siffre*, 14 I. & N. Dec. 444 (BIA 1973). By holding the hearing after January 26, 1973 and then lodging a "remained longer" charge, the Service was able to avoid proving its original accusation and to confront respondent with one to which there could be no defense. This "heads I win—tails you lose" procedure was prejudicial to the respondent.

We may not presume that the Service would have been able to prove the charge contained in the order to show cause; conceivably, the respondent might have been able to show that he had not violated his student status. By thus switching charges after respondent's remaining beyond January 26, 1973 was a *fait accompli*, the Service put him in a position where, conceivably without fault, he was defenseless. This is not due process.

It is no answer to say, as does the Board opinion (p. 2), that the respondent was free to leave the country at any time prior to the commencement of his hearing. If the respondent felt he had a defense to the charge in the order to show cause, there was no reason for him to leave the country before his authorized stay expired without contesting the charge and then seeking an extension of student stay if the charge should not be sustained.

It would have been futile for him to apply for an extension of his student stay, once the order to show cause was issued. The district director's issuance of the order to show cause on the "failed to maintain status" charge within the period of admission constituted a preliminary finding by that officer that prima facie the respondent was out of status. Since maintenance of status is a prerequisite to an extension of stay, the district director's action in issuing an order to show cause effectively blocked a timely extension application. I do not think an alien under

such circumstances should be expected to file an extension application anyway, just in case the "failed to maintain status" charge turns out not to be sustained at the hearing.

It is also no answer, in my estimation to say that "The question of whether or not a student stay should be extended is a matter within the *sole discretion* of the district director." (Opinion, p. 3; emphasis in original.) That statement would be germane if no order to show cause had been issued and an extension application had been timely made and denied. On the other hand, where as here a "failed to maintain status" charge is used, there is no reason to believe that if it is not sustained at the hearing the district director will in any event deny an extension application. Conceivably, if the deportation hearing had been held before January 26, 1973 and the immigration judge had not sustained the charge, the district director would have accepted the holding, the respondent would have filed a timely extension application, and the district director would have granted it. Respondent was deprived of this opportunity of applying for an extension of stay when the hearing was held after January 26, 1973 and the original charge was abandoned.

I would remand to give the Service the opportunity to elect either to prove the original "failed to maintain status" charge or to terminate the proceedings and give the respondent a chance to file an extension application.