HO CHONG TSAO, Hung Hoi Che, Cheung Chan, Petitioners,

v.

IMMIGRATION & NATURALIZATION SERVICE, Respondent.

Nos. 76–1224 to 76–1226
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 10, 1976.

David Carliner, Washington, D. C., for petitioners.

Edward H. Levi, U. S. Atty. Gen., Philip Wilens, Acting Chief, Gov. Reg. and Labor Section, James P. Morris, Atty., Crim. Div., Rex Young, Atty., U. S. Dept. of Justice, Washington, D. C., Frank D. McCown, U. S. Atty., Fort Worth, Tex., Judith A. Shepherd, Asst. U. S. Atty., Dallas, Tex., William B. Hardie, Jr., Asst. U. S. Atty., El Paso, Tex., for respondent.

Troy A. Adams, Jr., Dist. Director, Immigration and Naturalization Service, New Orleans, La., for other interested parties.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Before CLARK, GEE and TJOFLAT, Circuit Judges.

PER CURIAM:

Appellants Ho Chong Tsao, Hung Hoi Che, and Cheung Chan have appealed from orders of deportation entered against them pursuant to § 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2) for having remained in the United States longer than authorized. All three appellants are deserting seamen who were arrested in Dallas by officers of the Immigration and Naturalization Service approximately one week after their ships had departed.

The following issues are raised by the appellants: (1) whether the evidence used to establish their deportability was tainted within the meaning of *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); (2) whether the immigration judge's refusal to allow them to testify about their allegedly illegal arrests rendered their hearings unfair; (3) whether the immigration judge improperly allocated the burden of proof; and (4) whether the decision of the Board of Immigration Appeals is invalid because oral argument was heard by only three of five members and because the Chairman of the Board of Immigration Appeals served in the General Counsel's office of the Immigration and Naturalization Service at the time that the cases in question were heard by the immigration judge.

I.

■ The evidence objected to by appellants consists of their passports and records of failure to depart. It is an undisputed fact that the Immigration and Naturalization Service had these items in its files prior to the time that appellants were arrested. An analogous situation was before this court in *United States v. Martinez,* 512 F.2d 830 (5 Cir. 1975). In *Martinez,* I.N.S. records about a defendant were held to be admissible at trial in spite of the fact that they were searched for only after the defendant made an admission to an I.N.S. agent without proper *Miranda* warnings. *Wong Sun v. United States, supra,* was held to be inapplicable because the file on Martinez was already in the possession of the I.N.S. prior to the time that the allegedly illegal admission was obtained. The court in *Martinez* felt that the I.N.S. file ". . . was not 'come at by the exploitation' of asking appellant the country of his citizenship." 512 F.2d at 832. In the case at hand, the evidence objected to was also in the possession of the I.N.S. before the allegedly illegal conduct occurred. We therefore hold that appellants' first contention is without merit.

II.

■ We also feel that the immigration judge's decision not to allow appellants to testify about the circumstances surrounding their arrest was proper. "To prove overstay, the respondent need only show a nonimmigrant's admission for a temporary period, that the period has elapsed, and that the nonimmigrant has not departed." *Milande v. Immigration and Naturalization Service,* 484 F.2d 774 (7 Cir. 1973). We therefore fail to see how the circumstances surrounding appellants' arrest constituted relevant evidence in their hearings under § 241(a)(2).

III.

Appellants' next contention is that the burden of proof was improperly allocated because the immigration judge did not allow them to challenge the admissibility of the documents that established their deportability. We hold that this argument is also without merit since the immigration judge agreed to permit testimony by appellants on the question of whether they were in possession of the documents used to es-

tablish their deportability at the time of their arrest.

## IV.

The final group of issues raised by appellants relates to the composition of the Board of Immigration Appeals.

■ First, appellants contend that the decision of the Board was invalid because only three of five members heard the appeals. 8 C.F.R. § 3.1(a) was amended on August 26, 1975 to provide that three members of the Board of Immigration Appeals constitutes a quorum. Unfortunately, this regulation was not in effect at the time that the Board rendered its decision in these cases; however, since the enabling statute is silent on this issue, we feel that the amendment is a codification of previously existing common law. ". . . in the absence of a contrary statutory provision, a majority of a quorum constituted of a simple majority of a collective body is empowered to act for the body. Where the enabling statute is silent on the question, the body is justified in adhering to that common-law rule." *F. T. C. v. Flotill Products, Inc.,* 389 U.S. 179, 183–184, 88 S.Ct. 401, 404, 19 L.Ed.2d 398 (1967).

■ We likewise reject appellants' contention that the decision of the Board of Immigration Appeals is defective under § 5 of the Administrative Procedure Act, 5 U.S.C. § 554(d).[1]

The Third Circuit recently held in *Giambanco v. Immigration & Naturalization Service,* 531 F.2d 141, 143–144 (3 Cir. 1976) that § 5 of the Administrative Procedure Act, 5 U.S.C. § 554(d) does not apply to review by the Board of Immigration Appeals of denial of adjustment of status to that of a permanent resident under § 245, 8 U.S.C. § 1255, and waiver of ground of excludability under § 212(h), 8 U.S.C. § 1182(h). The court in *Giambanco* felt that it would be improper to hold that § 5 of the A.P.A. was applica-

ble in view of the Supreme Court's determination in *Marcello v. Bonds,* 349 U.S. 302, 75 S.Ct. 757, 99 L.Ed. 1107 (1955), that the hearing procedures of the immigration judge are not subject to the A.P.A.

Under *Marcello v. Bonds,* 349 U.S. 302, 75 S.Ct. 757, 99 L.Ed. 1107 (1955), the hearing procedures of the immigration judge are not subject to the A.P.A. The question here is whether the Board, which sits in review of these determinations and is established at the discretion of the Attorney General, 8 U.S.C. § 1252(b), is also exempt from A.P.A. requirements. We think it is, for it would be anomalous to find that the initial immigration hearing was exempt, only to say that the review of such hearing was not exempt. To so hold would interject needless complexity into what is designed to be a discretionary process and require different standards for separation of adjudicative and prosecutorial functions for immigration judges and the Board members.

531 F.2d at 144. The only distinction between *Giambanco* and the case at hand is that *Giambanco* was a proceeding under §§ 245 and 212(b) as opposed to § 241(a)(2). We feel that this distinction is not controlling and that the A.P.A. was not applicable to the proceedings conducted by the Board in this case.

AFFIRMED.

1. The relevant portion of § 554(d) provides as follows:

An employee or agent engaged in the performance of investigative or prosecuting functions for an agency in a case may not, in that or a factually related case, participate or advise in the decision, recommended decision, or agency review pursuant to section 557 of this title, except as witness or counsel in public proceedings.