Mohammad Hassan AKHBARI, Petitioner,

v.

UNITED STATES IMMIGRATION & NATURALIZATION SERVICE, Respondent.

No. 81–4372
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 14, 1982.

Alan Vomacka, Houston, Tex., for petitioner.

William F. Smith, Atty. Gen., Richard M. Evans, Gen. Litigation and Legal Advice Section, Crim. Div., Philip Wilens, Chief, Govt. Regional and Labor Section, Stephen M. Weglian, Crim. Div., Lauri Steven Filppu, U. S. Dept. of Justice, Washington, D. C., for respondent.

Before CLARK, Chief Judge, REAVLEY and RANDALL, Circuit Judges.

PER CURIAM:

This is an appeal of a final order of deportation. Mohammad Hassan Akhbari was found by an immigration judge to be deportable for failing to comply with the conditions of his status as a non-immigrant student and for remaining in the United States beyond his allotted period of sojourn. The Board of Immigration Appeals affirmed the decision of the immigration judge that Akhbari was deportable as an overstay and therefore did not reach the question of his alleged failure to comply with the conditions of his status. We affirm.

Akhbari, a native and citizen of Iran, entered the United States on or about February 20, 1977, and was admitted as a "non-immigrant student,"[1] authorized to remain in the United States until September 15, 1979. On January 22, 1979, the Immigration & Naturalization Service (INS) discovered that Akhbari was acting as "manager" of the apartment complex in which he lived in exchange for a rent-free apartment, and on January 23, 1979, an Order to Show Cause was issued charging Akhbari with failing to comply with the conditions of his status, in violation of § 241(a)(9) of the Immigration and Nationality Act (the Act), 8 U.S.C. § 1251(a)(9),[2] by engaging in unauthorized employment.[3]

On April 16, 1979, prior to a hearing on the Order to Show Cause issued against Akhbari, the INS adopted a policy (deferred action policy) which provided that action would not be taken to enforce departures to Iran, prior to September 1, 1979, of Iranian nationals who were residents or former residents of Iran and who indicated an unwillingness to return to that country at the time under the unstable conditions then existing there. The policy also postponed until after September 1, 1979, the hearings of Iranians for whom Orders to Show Cause had been issued and for whom deportation hearings had not commenced. On May 2, 1979, Akhbari's deportation hearing was postponed until September 1, 1979.

On August 9, 1979, the INS deferred action policy was extended to defer action until June 1, 1980; however, on November 19, 1979, the INS rescinded its deferred action policy. Akhbari's case was referred to an immigration judge on November 19, 1979, and he was notified that his hearing was set for December 28, 1979. At the hearing, the INS lodged an additional complaint that Akhbari was now subject to deportation on the additional ground that he had remained in the United States beyond the time for which he had originally been authorized to stay, in violation of § 241(a)(2) of the Act, 8 U.S.C. § 1251(a)(2).[4] Akhbari filed a motion that the proceedings be continued until on or after June 1, 1980, the date to which deferral had been extended prior to the rescission of the policy. Although the immigration judge denied the motion for continuance at the hearing, the immigration judge later granted the continuance when it was brought to his attention that the INS had failed properly to notify Akhbari of the rescission of the deferral policy.[5]

A hearing was held before the immigration judge on June 2, 1980, and the judge found that both charges of deportability—(1) failure to comply with conditions of status and (2) remaining longer than authorized—had been established by evidence that was clear, convincing and unequivocal, and granted Akhbari's application for the privilege of voluntary departure.[6]

With respect to the charge of remaining in the United States longer than authorized, the immigration judge found, in relevant part:

**1.** *See* § 1101(a)(15)(F)(i).

**2.** § 1251(a)(9) provides:
  Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who—was admitted as a non-immigrant and failed to maintain the non-immigrant status in which he was admitted or to which it was changed pursuant to section 1258 of this title, or to comply with the conditions of any such status.

**3.** *See* 8 C.F.R. § 214.2(f)(6).

**4.** § 1251(a)(2) provides:
  Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who—entered the United States without inspection or at any time or place other than as designated by the Attorney General or is in the United States in violation of this chapter or in violation of any other law of the United States.

**5.** In its rescission notice to Akhbari, the INS had mistakenly stated that his *departure* was deferred until June 1, 1980, instead of stating that his *deportation hearing* had been postponed until after June 1, 1980.

**6.** *See* 8 U.S.C. § 1254(e). "The granting of voluntary departure relief does not result in the alien's not being subject to an outstanding final order of deportation." *Foti v. Immigration & Naturalization Service,* 375 U.S. 217, 219 n.1, 84 S.Ct. 306, 308 n.1, 11 L.Ed.2d 281 (1963).

It is clear that respondent has not departed from the United States subsequent to the expiration of his last extension of stay, and it is immaterial whether his authorized stay expired during the pendency of deportation proceedings. The decision of the District Director to postpone deportation proceedings pursuant to policy the[n] in effect does not constitute an extension of stay.

On August 26, 1981, the Board of Immigration Appeals affirmed the decision of the immigration judge solely on the basis of the charge that Akhbari had remained in the United States longer than authorized. The per curiam order of the Board states:

> The record reflects that the respondent was permitted to stay until September 15, 1979, and was placed in deferred status as a matter of discretion by the Service. When that privilege was rescinded, the respondent no longer had any authority to remain in the United States. Furthermore, he had no authority to be in this country after June 1, 1980, under any circumstances. The immigration judge therefore properly found him deportable as an overstay.

Akhbari appeals the deportation order under § 106(a) of the Act, 8 U.S.C. § 1105a(a).

The issue raised by Akhbari on appeal is whether the immigration judge and Board of Immigration Appeals are correct that Akhbari is deportable under § 1251(a)(2), having remained in the United States in reliance upon the INS deferred action policy. Akhbari concedes that in early 1979 his status was that of a non-immigrant student whose permission to remain in the United States would expire in September 1979 unless he obtained an extension of his status. He contends, however, that he is not deportable for failure to leave the United States by September 15, 1979, as before that date the INS accorded him an indefinite status which authorized his continued presence in this country.

" 'To prove overstay, the respondent need only show a non-immigrant's admission for a temporary period, that the period has elapsed, and that the non-immigrant has not departed.' " *Ho Chong Tsao v. Immigration and Naturalization Service*, 538 F.2d 667, 668 (5th Cir. 1976), *cert. denied*, 430 U.S. 906, 97 S.Ct. 1176, 51 L.Ed.2d 582 (1977), *quoting Milande v. Immigration and Naturalization Service*, 484 F.2d 774 (7th Cir. 1973). Accepting, without deciding, Akhbari's contention that the adoption of the INS deferred action policy conferred upon Akhbari the right to remain in the United States until June 1, 1980, then, Akhbari was nevertheless deportable as an overstay at the time of the June 2, 1980, hearing. He had been admitted for a temporary period; that period, even as identified by him, had elapsed; and he had not departed. That being the case, it is unnecessary to determine whether he was deportable as an overstay before that date or whether he had failed to comply with the conditions of his status.[7] *See Soon Bok Yoon v. Immigration & Naturalization Service*, 538 F.2d 1211, 1212 (5th Cir. 1976) (unnecessary to address alleged discriminatory application of labor certification requirement where action taken determined entirely by clear deportability under § 1251(a)(2)).

Akhbari's appeal is based on the unsupported claim, stated in various ways, that his deportability for remaining longer than permitted was unjustly prejudiced by the deferral of the hearing on his deportability for failing to comply with the conditions of his status. While he talks of his acceptance of the deferral of his hearing as subjecting him to a new basis for deportation and damaging another aspect of his status, no such connection has been shown. Even if Akhbari had never been charged with failing to comply with the conditions of his status, he would have become deportable upon the expiration of his authorized stay as in fact happened. At that point, the possibility that he was deportable for an-

---

7. Akhbari also challenged the finding that he had violated the conditions of his status by engaging in unauthorized employment.

other reason became irrelevant. At most, therefore, the INS deferred action policy allowed him to stay in the United States longer than he might otherwise have been allowed to stay. Without the deferral of the hearing, he would have been deportable at the time his authorization to stay expired, even if it were determined that he had not failed to comply with the conditions of his status accepting unauthorized employment.

Akhbari appears to argue that if he was not deportable as of September 16, 1979, the decision must be reversed. The Board's decision, quoted above, clearly reflects, however, a finding that even treating the INS deferred action policy as creating authority to remain in the United States past September 15, 1979, "he had no authority to be in this country after June 1, 1980. . . ." We affirm the decision on the basis of that finding. Akhbari also argues that his failure to apply for an extension of his stay was the result of reliance on the INS deferred action policy. That policy was only extended to June 1, 1980, however, and therefore provided no basis for reliance beyond that date. Akhbari has not contended that application for an extension of his authorized stay would have been futile because of the pending hearing on his alleged failure to comply with the conditions of his status. See *In re Halabi*, 15 I. & N. Dec. 105, 107–08 (B.I.A. 1974) (Chairman Roberts dissenting).

AFFIRMED.