**Hugo ROMERO–CARMONA, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 83–1348.

United States Court of Appeals, Tenth Circuit.

Jan. 17, 1984.

Daniel F. Boyle, Denver, Colo., for petitioner.

J. Paul McGrath, Asst. Atty. Gen., and Thomas W. Hussey, Atty., Office of Immigration Litigation, Dept. of Justice, Washington, D.C., for respondent.

Before HOLLOWAY, McWILLIAMS, and BARRETT, Circuit Judges.

BARRETT, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

This is a petition for review brought by Hugo Romero-Carmona (Petitioner) for review of the denial of a stay of deportation issued by a district director of the Immigration and Naturalization Service (INS). Petitioner, a native and citizen of Mexico, first entered the United States without proper documentation or inspection on January 3, 1972. On June 29, 1978, Petitioner was apprehended by the INS while attempting to reenter the United States from Canada with the aid of fraudulently-obtained identification cards showing his apparent United States citizenship. On July 27, 1978, after a criminal complaint was dismissed at the government's request, Petitioner executed a waiver of application for permission to enter the United States and agreed to return to Mexico. On August 7, 1978, Petitioner again illegally entered the United States. Subsequently, on August 25, 1978, an immigration judge found Petitioner to be deportable. The judge granted Petitioner's request for voluntary departure in lieu of deportation and Petitioner waived his

right to appeal the judge's decision.[1] However, Petitioner failed to return to Mexico or to obey a subsequent order to report for deportation.

Four years later, Petitioner was located in Colorado by the INS. He had allegedly been married in Golden, Colorado, on December 30, 1982, to Peggy Sue Garcia in a civil ceremony performed by a judge. On January 6, 1983, Mrs. Romero-Carmona filed a petition to classify her husband's status for issuance of an "immediate relative" visa. However, on February 18, 1983, Petitioner was apprehended pursuant to the outstanding warrant for deportation. He was then released because he had posted bond and agreed to return to Mexico by February 25. However, Petitioner again failed to leave the United States.

On or about February 21, 1983, Petitioner's attorney, Daniel F. Boyle, consulted verbally with Norman Schoss, Director of Deportations for the Denver Office of the INS, about filing a stay of deportation. Petitioner alleges that Schoss indicated an inclination to grant this stay. Petitioner's grounds for the stay included (1) his marriage to a U.S. citizen; (2) the visa petition which was awaiting adjudication; and (3) a subsequent religious ceremony to "bless" the marriage had already been planned and financed. However, by letter dated March 9, 1983, the District Director rejected Petitioner's application for stay of deportation. Petitioner then failed to comply with an order to report for deportation on March 18, 1983. Instead, on March 16, he filed this petition for review which triggers an automatic stay of deportation pursuant to 8 U.S.C. § 1105a(a)(3).

Petitioner asks this court to review the District Director's decision to deny the stay of deportation, alleging jurisdiction pursuant to section 106 of the Immigration and Nationality Act, 8 U.S.C. § 1105a. Section 106 provides this court with jurisdiction to review:

> all final orders of deportation ... made against aliens within the United States pursuant to administrative proceedings under section 1252(b) of this title ....

8 U.S.C. § 1105a(a).

The United States Supreme Court has held that this provision does not permit review of a district director's denial of a request for stay of deportation because this denial is not a "final order of deportation." *Cheng Fan Kwok v. Immigration and Naturalization Service,* 392 U.S. 206, 212–16, 88 S.Ct. 1970, 1974–76, 20 L.Ed.2d 1037 (1968). *See also Diaz-Salazar v. Immigration and Naturalization Service,* 700 F.2d 1156, 1159 (7th Cir.1983), *cert. denied,* —— U.S. ——, 103 S.Ct. 3112, 77 L.Ed.2d 1367 (1983); *Reyes v. Immigration and Naturalization Service,* 571 F.2d 505, 506 (9th Cir.1978). To avoid this unambiguous holding by the Supreme Court, Petitioner argues that the District Director's decision is "ancillary" to the final deportation order and, thus, judicial review is available.

The denial of a stay of deportation can be judicially reviewed only if the deportability issue is reviewable at the same time. *See Reyes* at 507. Petitioner has not presented us with such a case. First, as noted above, he did not contest the initial determination of deportability nor did he preserve his right to appeal that determination. Thus, Petitioner failed to exhaust his administrative remedies as required by 8 U.S.C. § 1105a(c).[2] Second, Petitioner failed to timely appeal the August 25, 1978, deportation order pursuant to 8 U.S.C. § 1105a(a)(1).[3] Thus, because the question

---

1. Petitioner failed to appeal the immigration judge's decision to the Board of Immigration Appeals pursuant to 8 C.F.R. § 242.21 (1982). Further, he has not attempted to reopen the deportation proceedings pursuant to 8 C.F.R. §§ 103.5 and 242.22 (1982).

2. 8 U.S.C. § 1105a(c) provides in pertinent part:

> An order of deportation ... shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations....

3. 8 U.S.C. § 1105a(a)(1) provides in pertinent part:

regarding Petitioner's deportability is not reviewable, the determination denying the stay of deportation is also not reviewable absent a simultaneous motion to reopen the deportation proceedings. *See Cheng Fan Kwok, supra* at 216, 88 S.Ct. at 1976; *Reyes, supra* at 507. We hold that we are without jurisdiction to review the District Director's decision denying Petitioner's application for a stay of deportation.

PETITION FOR REVIEW DISMISSED.

A petition for review may be filed not later than six months from the date of the final deportation order . . . .