780 F.2d 1024
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
YUET FUNG HO, Petitioner,
vs.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 85-3415
 United States Court of Appeals, Sixth Circuit.
 11/15/85
 
 APPEAL DISMISSED
 I.N.S.
 ORDER
 BEFORE: MERRITT, MARTIN and WELLFORD, Circuit Judges.
 
 
 1
 This matter is before the Court upon the respondent's motion to dismiss a petition for review of a Board of Immigration Appeals ('BIA') order entered May 23, 1985. Petitioner did not file a response.
 
 
 2
 Petitioner, a native of China, entered this country illegally in November 1973, after being denied permission to land temporarily; refused to leave voluntarily in 1975, after being granted 30 days to do so in lieu of deportation; and, failed to report for a deportation hearing in 1976. In the nine years that followed, petitioner married an American citizen and moved to Cleveland, where he is presently jailed at the direction of the Immigration and Naturalization Service. On May 17, 1985, he moved to reopen the deportation proceedings on grounds that he was not represented by counsel and did not understand English. After an initial unfavorable decision by an immigration judge, the BIA currently has the motion to reopen under review. On May 23, 1985, the BIA denied a stay of deportation and petitioner timely filed the instant petition for review. The government moves to dismiss on the basis that this Court does not have jurisdiction under 8 U.S.C. Sec. 1105a(a) to consider the merits of the petition.
 
 
 3
 Section 106(a) of the Immigration and Naturalization Act, 8 U.S.C. Sec. 1105a(a), gives the courts of appeal jurisdiction of 'final orders of deportation.' Cheng Fan Kwok v. INS, 392 U.S. 206 (1968). Jurisdiction under Sec. 1105a(a) includes only those determinations made during a deportation hearing under Sec. 242(b) of the Act, including determinations incident to a motion to reopen such proceedings, id. at 216, and matters on which the validity of the final order is contingent. INS v. Chadha, 462 U.S. 919, 938-39 (1983). The denial of a stay of deportation, pending consideration of a motion to reopen, is not a final order. Cheng Fan Kwok v. INS, 392 at 212-13 n.11. Therefore, the petition for review is not appealable, even though the denial was otherwise pursuant to a Sec. 242(b) proceeding. Reid v. INS, 766 F.2d 113, 115-16 (3d Cir. 1985); Diaz-Salazar v. INS, 700 F.2d 1156, 1159 (7th Cir.), cert. denied, 462 U.S. 1132 (1983). See also Romero-Carmona v. U.S. Dept. of Justice, INS, 725 F.2d 104, 105-06 (10th Cir. 1984); Wellington v. INS, 710 F.2d 1357, 1359-60 (8th Cir. 1983). This Court would further dismiss the appeal for lack of jurisdiction because petitioner has not exhausted all available administrative remedies. Juarez v. INS, 732 F.2d 58, 59 (6th Cir. 1984).
 
 
 4
 It is ORDERED that the motion to dismiss is granted.