943 F.2d 57
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Navendran Raymond KAMALANTRAN, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 91-9512.
 United States Court of Appeals, Tenth Circuit.
 Aug. 30, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA, and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner, Navendran Raymond Kamalantran, is a male native and citizen of Malaysia who is approximately 25 years old and unmarried. He entered the United States at Chicago, Illinois as a nonimmigrant student on or about January 6, 1985. In June, 1990, deportation proceedings were initiated against Mr. Kamalantran under Section 241(a)(9) of the Immigration and Nationality Act ("Act"), 8 U.S.C. § 1251(a)(9), based on the charge that he failed to maintain his nonimmigrant status and/or failed to comply with the conditions of such status. After a hearing before an immigration judge (IJ), the IJ found Mr. Kamalantran to be deportable and rejected his application for voluntary departure. Mr. Kamalantran thereafter filed a notice of appeal to the Board of Immigration Appeals (Board) asserting as his sole contention that "the IJ abused his discretion in denying Mr. Kamalantran's Application for Voluntary Departure." R. at 4-6, Opening Brief of Respondent in Support of Appeal. The Board affirmed the decision of the IJ stating, among other things:
 
 
 3
 The respondent has not met his burden of establishing that he is entitled to voluntary departure in the exercise of discretion. The respondent has no family ties in the United States. At the end of the Fall 1989 semester in December 1989, he received "incomplete" grades in all of the college courses for which he had registered. He did not register for the Spring 1990 semester (Tr. at 12-14). No showing has been made that he received permission to remain in the United States after he was no longer in status as a student. On February 22, 1990, the Iowa District Court in and for Black Hawk County found the respondent guilty of simple assault, a violent crime.
 
 
 4
 As the immigration judge noted, the respondent has some favorable equities. The respondent pursued his studies for a considerable time after arriving in the United States in 1985. He hopes to receive his degree within two semesters. The respondent, however, has not expressed any humanitarian needs or presented any other equities that would overcome the unfavorable factors in his record. The immigration judge is not shown to have abused his discretion by denying the respondent's request for voluntary departure.
 
 
 5
 R. at 3, Decision of the Board of Immigration Appeals.
 
 
 6
 Mr. Kamalantran appeals the Board's ruling raising again the issue of his deportability, along with the issue of voluntary departure. He argues at length that his incomplete university grades, and failure to register for classes, were consequences involuntarily thrust upon him by university authorities pending resolution of criminal charges relating to an assault upon his girlfriend. He also urges his good character, exemplary record, diligent pursuit of his studies, imminence to graduation, and extreme difficulties if he is returned to his native country under the circumstances. He raises other arguments as well.
 
 
 7
 We decline to consider issues, including the issue of deportability, not raised by Mr. Kamalantran before the Board. The failure to raise an issue on appeal to the Board constitutes a failure to exhaust administrative remedies with respect to that question and deprives this court of jurisdiction to hear the matter. See Romero-Carmona v. U.S. Dept. of Justice, I.N.S., 725 F.2d 104, 105-06 (10th Cir.1984); Vargas v. I.N.S., 831 F.2d 906, 907-08 (9th Cir.1987). Accordingly, the only issue before us is the one which Mr. Kamalantran raised before the Board: whether the immigration judge properly exercised his discretion in denying the privilege of voluntary departure.
 
 
 8
 "The granting of the privilege of voluntary departure to an alien in lieu of deportation is a matter of discretion with the attorney general. Vassiliou v. District Dir. I.N.S., 461 F.2d 1193, 1195 (10th Cir.); .... In reviewing the denial of the discretionary relief of voluntary departure, 'we only examine whether the discretion was actually exercised and whether it was exercised in an arbitrary and capricious manner.' (Citation omitted)." Becerra-Jimenez v. I.N.S., 829 F.2d 996, 999 (10th Cir.1987); Vissian v. I.N.S., 548 F.2d 325 (10th Cir.1977). See Section 244(e)(1) of the Act, 8 U.S.C. § 1254. We have carefully reviewed the record in this case and we are unable to say that the denial of voluntary departure to Mr. Kamalantran was an abuse of discretion. Accordingly, the decision of the Board is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3