968 F.2d 22
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Muhammad YOUNUS, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-9515.
 United States Court of Appeals, Tenth Circuit.
 June 3, 1992.
 
 Before JOHN P. MOORE, TACHA, and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 This matter is before the court on (1) Respondent's Motion to Dismiss Petition for Review and (2) Petitioner's Motion to Stay Action on Petition for Review pending resolution of a motion to reopen the administrative proceedings, evidently submitted to the Bureau of Immigration Appeals (BIA) on May 6, 1992. Concluding that we lack jurisdiction under 8 U.S.C. § 1105a(a)(1), we dismiss the petition and deny the stay as moot.
 
 
 2
 The Immigration Judge (IJ) issued an order of deportation in this case on June 5, 1991.[1] Thereafter, Petitioner sought an administrative appeal and, on October 23, 1991, the BIA mailed Petitioner's attorney a copy of its decision of the same date dismissing his appeal as untimely.[2] Petitioner did not file the instant petition until March 16, 1992.
 
 
 3
 Due to a recent amendment of § 1105a(a)(1), the amount of time provided for filing a petition for review depends on when the final order of deportation issued. The statute allots six months for final orders entered prior to January 1, 1991, but only ninety days for orders entered thereafter. See § 545(g)(4) of Pub.L.No. 101-649, 104 Stat. 5048, 5067 (1990). Respondent contends that Petitioner's order of deportation did not become final until the BIA dismissed his appeal and, therefore, the instant petition, filed more than ninety days after October 21, 1991, is untimely. We agree. The applicable regulations and case law support Respondent's position. See 8 C.F.R. § 243.1 (order of deportation "become[s] final upon dismissal of an appeal by the [BIA]"); see, e.g., Garcia v. INS, 690 F.2d 349, 350 (3d Cir.1982); Luna-Benalcazar v. INS, 414 F.2d 254, 256 (6th Cir.1969). Moreover, even if we were to accept Petitioner's contention that his ineffective administrative appeal should be disregarded under § 1105a(a)(1) and the IJ's decision considered the "final order of deportation" for which review is sought, we would again agree with Respondent that, under these suppositions, the instant petition is still untimely (by some fifteen months) and, in any event, is barred for failure to exhaust administrative remedies as required by § 1105a(c), see Romero-Carmona v. INS, 725 F.2d 104, 105 (10th Cir.1984).
 
 
 4
 The requirements of § 1105a are mandatory and jurisdictional. Lee, 685 F.2d at 343; see Saadi v. INS, 912 F.2d 428, 428 (10th Cir.1990); Romero-Carmona, 725 F.2d at 105-06. Because we lack jurisdiction, we dismiss the petition and deny Petitioner's pending Motion to Stay as moot. See, e.g., Waggoner v. Waggoner, 938 F.2d 1120, 1123 (10th Cir.1991).
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Although Petitioner was granted the alternative of voluntary departure, the administrative determination in this case constitutes an order of deportation subject to review in the court of appeals. See Contreras-Aragon v. INS, 852 F.2d 1088, 1092 (9th Cir.1988); see, e.g., Kapcia v. INS, 944 F.2d 702, 704 (10th Cir.1991); Akhbari v. INS, 678 F.2d 575, 576-77 (5th Cir.1982)
 
 
 [2]
 The time for filing a petition for review commences to run when a copy of the final order of deportation is mailed to the petitioner or petitioner's counsel. Quedraogo v. INS, 864 F.2d 376, 378 (5th Cir.1989) (applying 8 C.F.R. § 292.5); Lee v. INS, 685 F.2d 343, 344 (9th Cir.1982) (same)