61 F.3d 916
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rose MBURU; M. Wanjika Njoroge and Waira Njau, also known
as Wailu Njoroge, her minor children, Petitioners,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 95-9530.
 United States Court of Appeals, Tenth Circuit.
 July 28, 1995.
 
 Before MOORE, TACHA, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this petition. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Rose Mburu is a citizen of Kenya currently in South Africa, and she seeks re-admission to the United States. Pursuant to a temporary amnesty, she resided in this country for several years in Wichita, Kansas, where she was employed by the Inter-Faith Ministries of Wichita. In May of 1994, she travelled to South Africa, without first obtaining the proper documentation to enable her to return to this country. As a result, she was not allowed to board the aircraft for her return flight to the United States. Since that time, she has remained in South Africa, while her two young children, both of whom are United States citizens, remain in this country.
 
 
 3
 On July 14, 1994, Ms. Mburu's counsel wrote to the Immigration and Naturalization Service (INS) requesting a grant of the Attorney General's parole authority[2], which would allow Ms. Mburu to return to this country, at least temporarily. The INS instructed counsel as to the items that must be included in the request and directed that the request should be submitted to the District Director at the INS office in Rome, Italy. On December 22, 1994, the District Director in the Rome, Italy INS office informed Ms. Mburu's counsel that her request for parole was denied. He stated that the Attorney General's discretionary use of her parole authority is limited to requests based on emergent conditions or those in the public interest, and that Ms. Mburu's request fell into neither category.
 
 
 4
 As a result of the District Director's denial of her request, Ms. Mburu filed in this court a "Petition for Review of Administrative Agency Orders." Although we sympathize with Ms. Mburu's plight, we must dismiss her petition for lack of jurisdiction.
 
 
 5
 Section 106 of the Immigration and Nationality Act, 8 U.S.C. 1105a(a), provides this court with jurisdiction to review "all final orders of deportation ... made against aliens within the United States pursuant to administrative proceedings under section 1252(b) of this title...." See Romero-Carmona v. United States Dep't of Justice, INS, 725 F.2d 104, 105 (10th Cir.1984). Because Ms. Mburu does not seek review of a final order of deportation, a determination made during a deportation proceeding pursuant to 1252(b), or a determination made incident to a motion to reopen such proceedings, we have no jurisdiction to consider her petition.[3] See Cheng Fan Kwok v. INS, 392 U.S. 206, 215 (1968)("Congress quite deliberately restricted the application of 106(a) to orders entered during proceedings conducted under Section 242(b), or directly challenging deportation orders themselves." (footnote omitted)); Romero-Carmona, 725 F.2d at 105; Gottesman v. INS, 33 F.3d 383, 386 (4th Cir.1994)(holding no jurisdiction to review district director's decision to rescind lawful permanent resident status because "carefully circumscribed jurisdictional grant does not allow federal circuit courts to review orders that are merely preliminary to, or associated with, a final order of deportation"); Oum v. INS, 613 F.2d 51, 53 & n. 1 (4th Cir.1980)(holding no jurisdiction to review correspondence from district director to petitioner's counsel informing him that motion to reopen would not stay a prescheduled deportation date).
 
 
 6
 The petition is DISMISSED for lack of jurisdiction. Also because we lack jurisdiction, we are unable to consider Ms. Mburu's request for a stay or injunctive relief.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 8 U.S.C. 1182(d)(5)(A) provides that the Attorney General may in [her] discretion parole into the United States temporarily under such conditions as [s]he may prescribe for emergent reasons or for reasons deemed strictly in the public interest any alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Attorney General, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States
 
 
 [3]
 To the extent petitioner suggests a response sent from the Kansas City INS office to the American Consulate in Johannesburg to inform them as to Ms. Mburu's status was any sort of order to be appealed to this court, we disagree. We also note that, because Ms. Mburu is not being detained in this country, we do not construe her filing as a petition for writ of habeas corpus